**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| JACOB SIMPSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-118 |
| v. | |
| OFFICER ALLEN; WARDEN STANLEY WILLIAMS; COMMISSIONER HOMER BRYSON; GEORGIA DEPARTMENT OF CORRECTIONS; and GEORGIA STATE PRISON, | |
| Defendants. | |

## O R D E R

Before the Court is the Report and Recommendation of the Magistrate Judge, (doc. 16), to which Plaintiff has filed Objections, (doc. 18). For the reasons set forth below, the Plaintiff's Objections are **SUSTAINED**. Plaintiff's excessive force claims will proceed against Defendant Allen in his individual capacity. However, the Court **DISMISSES** all claims against the Georgia Department of Corrections, Georgia State Prison, Warden Stanley Williams, and Commissioner Homer Bryson, as well as all claims against Defendants in their official capacities. The Court also **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims unrelated to Defendant Allen's use of force. Additionally, the Court **DENIES** Plaintiff's Motion to Consolidate Cases, (doc. 15).

## BACKGROUND

Plaintiff, who is currently housed at Georgia State Prison ("GSP") in Reidsville, Georgia, filed this action, pursuant to 42 U.S.C. § 1983, on October 7, 2015. (Doc. 1.) Plaintiff contends

that Defendant Allen, a correctional officer at GSP, slammed Plaintiff to the ground on July 30, 2015. (Id. at p. 5.) According to Plaintiff, this use of force was unprovoked and while Plaintiff's hands were cuffed behind his back. In addition to his allegations regarding this use of force, Plaintiff's allegations challenge a litany of the conditions of his confinement at GSP. (Id. at pp. 5–8.) Plaintiff states that he has not received meals and showers on some dates in June, July, and September 2015. Id. He further alleges that another inmate has thrown feces at his cell door. Id. He also took issue with the food he has been served at GSP. Id. at p. 6. Plaintiff has filed several pleadings, including an Amended Complaint, in which he has expounded upon these allegations. (Docs. 8, 13, 14.)

On January 15, 2016, the Magistrate Judge conducted a frivolity review of Plaintiff's Complaint, as amended, pursuant to 28 U.S.C. § 1915A. (Doc. 16.) The Magistrate Judge concluded that Plaintiff's Complaint was due to be dismissed because Plaintiff failed to exhaust his administrative remedies. (Id. at pp. 4–9.) The Magistrate Judge noted that Plaintiff asserted in his Complaint that the prison's grievance counselor had only received his grievance days before Plaintiff filed this action. Id. Further, Plaintiff admitted that the grievance was still pending. Id. In addition, the Magistrate Judge noted that Plaintiff's Amended Complaint and Motion to Consolidate included a grievance and a receipt indicating that Plaintiff did not commence the grievance process until November 2015. (Id. at pp. 8–9.) Accordingly, the Magistrate Judge determined that Plaintiff's own pleadings evidenced that he did not properly exhaust the Georgia Department of Corrections' grievance process before filing this suit. (Id. at p. 9.)

In his Objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts, for the first time, that he filed a grievance on August 1, 2015, the day after Defendant

Allen slammed him to the ground. (Doc. 18, p. 1.) Plaintiff alleges that the dorm counselor who was responsible for signing the grievance and submitting it to the grievance counselor never showed up to work until sometime in September. Id. Plaintiff contends that the dorm counselor then put the grievance into the system, and Plaintiff never received a response. Id. Plaintiff further contends that he wrote the Warden and the Commissioner of the Georgia Department of Corrections about his grievance but received no response. Id.

## DISCUSSION

### I. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

As the Magistrate Judge explained, failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 218 (2007). Accordingly, at this early stage, the Court can only dismiss Plaintiff's claims for failure to exhaust if it is clear from the face of his pleadings that he did not exhaust all administrative remedies available to him. See Okpala v. Drew, 248 F. App'x 72 (11th Cir. 2007); Rashid v. Liberty Cty. Jail, CV410-092, 2010 WL 3239241 at * 1 n.1 (S.D. Ga. May 3, 2010). Given Plaintiff's recent representations in his Objections, the Court cannot conclusively determine that Plaintiff did not exhaust his administrative remedies as to his excessive force claims against Defendant Allen. Plaintiff's newly-asserted allegations regarding his grievance efforts appear specious. However, at the frivolity review stage, the Court does not test the credibility of Plaintiff's exhaustion allegations.[1]

---

[1] However, should Defendant Allen file a Motion challenging Plaintiff's exhaustion efforts, Plaintiff's allegations will not be given such deference. Rather, under Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining a defense motion based on exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve

Accordingly, the Court **SUSTAINS** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation and will not dismiss Plaintiff's Complaint for failure to exhaust at this time.

## II.     Screening of Plaintiff's Claims

Because Plaintiff's Objections prevent his claims from being dismissed for failure to exhaust his administrative remedies, the Court must conduct an initial screening of the substance of his claims. Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

### A.     Standard of Review

When reviewing Plaintiff's Complaint for frivolity, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915A or Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th

the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### B. Plaintiff's Claims Against the Georgia Department of Corrections

Plaintiff names the Georgia Department of Corrections as a Defendant. (Doc. 1, p. 1.) However, "[a] state and its agencies (such as the Georgia Department of Corrections) are not 'persons' who may be sued under § 1983." Darrough v. Allen, No. 1:13-CV-57 WLS, 2013 WL 5902792, at *3 (M.D. Ga. Oct. 8, 2013); see also Williams v. Ga. Dep't of Corr., No. CV612-

050, 2012 WL 3911232, at *1 (S.D. Ga. Aug. 6, 2012), *report and recommendation adopted*, No. CV612-050, 2012 WL 3910834 (S.D. Ga. Sept. 6, 2012) ("Because the Georgia Department of Corrections is a state agency, it is not a 'person' subject to suit under § 1983.").

Furthermore, States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Here, the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes the Department of Corrections from suit. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

For all of these reasons, the Court **DISMISSES** all of Plaintiff's claims against the Georgia Department of Corrections.

### C. Plaintiff's Claims Against Defendants Allen, Williams, and Bryson in Their Official Capacities

Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants Allen, Williams, and Bryson in their official capacities. As laid out in Subsection B, the Eleventh Amendment and traditional principles of state sovereignty immunize states from suit in federal court. Alden, 527 U.S. at 712–13. Section 1983 does not abrogate that immunity. Will, 491 U.S. at 67. A lawsuit against Defendants Allen, Williams, and Bryson in their official capacities as employees of the Georgia Department of Corrections is "no different from a suit against the [s]tate itself." Id. at 71. Accordingly, the Eleventh Amendment immunizes these Defendants from suit in their official capacities. See Free, 887 F.2d at 1557. Therefore, the Court **DISMISSES** Plaintiff's claims against Defendants Allen, Williams, and Bryson in their official capacities.

## D.     Plaintiff's Claims Against GSP

In order to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, he must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. See Grech v. Clayton Cty. Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a prison is not a viable defendant under Section 1983. Mathis v. Ga. State Prison, No. 6:15-CV-122, 2016 WL 183753, at *2 (S.D. Ga. Jan. 14, 2016) ("A prison, such as Georgia State Prison, is a building, not a person, and, therefore, is not a viable defendant under Section 1983."); Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983."). Accordingly, the Court **DISMISSES** Plaintiff's claims against GSP.

## E.     Plaintiff's Claims for Excessive Use of Force

The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used

was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff has stated a plausible claim that Defendant Allen used excessive force against him. Plaintiff alleges that Defendant Allen, a correctional officer at GSP, slammed Plaintiff to the ground on July 30, 2015. (Id. at p. 5.) According to Plaintiff, this use of force was unprovoked and employed while Plaintiff's hands were cuffed behind his back. Id. Plaintiff avers that Defendant Allen's use of force broke his wrist and dislocated his finger. (Doc. 8, p. 8.) Consequently, Plaintiff's excessive force claims will proceed against Defendant Allen in his individual capacity.

However, Plaintiff has not alleged that Defendant Stanley Williams, the Warden of Georgia State Prison, or Defendant Homer Bryson, the Commissioner of the Georgia Department of Corrections, were involved in Defendant Allen's July 30, 2015, use of force. It appears that Plaintiff has named Williams and Bryson as Defendants based on his other claims. These claims are discussed in Subsection F below. However, to the extent that Plaintiff seeks to hold Defendants Williams and Bryson liable for Defendant Allen's use of force, that effort is unavailing.

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff has not claimed that Defendants Williams and Bryson had any personal involvement in Defendant Allen's use of force. Further, he has not alleged that there is any causal connection between Defendants Williams and Bryson and the use of force. Accordingly, to the extent that Plaintiff asserted use of force claims against Defendants Williams and Bryson, those claims are **DISMISSED**.

F.    **Plaintiff's Claims Unrelated to Defendant Allen's Use of Force**

Plaintiff asserts several claims regarding the conditions of his confinement at Georgia State Prison. (Doc. 1, pp. 5–8; Doc. 8, pp. 6–8.) Plaintiff complains that he did not receive meals and showers on some dates in June, July, and September of 2015. He contends that the meals he has received are not fit to eat and contain inadequate nutritional value. Id. He also

alleges that the prison is unsanitary, that another inmate has thrown feces at his cell door, and that he has not received sufficient showers. Id.

Plaintiff cannot pursue unrelated claims in one Section 1983 Complaint. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action.").

Other than the fact that they allegedly arose at GSP, Plaintiff's claims regarding the general conditions of his confinement have no connection to Plaintiff's use of force claims against Defendant Allen. These claims involve entirely separate facts and occurrences, as well as differing legal standards. Accordingly, these unrelated claims cannot be pursued in the same action. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** all claims other than Plaintiff's use of force claims. Should Plaintiff seek to pursue these claims, he must do so through a separate action.

### III.    Plaintiff's Motion to Consolidate

On January 13, 2016, Plaintiff filed a pleading, which the Clerk of Court docketed as a Motion to Consolidate. (Doc. 15.) In this pleading, Plaintiff refers to another case pending before this Court, Simpson v. Allen, et al., No. 6:15-cv-47 (S.D. Ga. 2015) ("Simpson II"). However, it does not appear that Plaintiff requests that the Court consolidate Simpson II with this case. (Doc. 15.) Rather, he asks that Simpson II be transferred from the Savannah Division of this Court to the Brunswick Division. Id. Apparently, Plaintiff was under the misimpression that his other case was filed in the Savannah Division. However, Simpson II, like this case, is

already properly filed in the Court's Statesboro Division, the Division wherein Georgia State Prison is located. Moreover, consolidation of the two cases is not warranted because the Complaint in Simpson II raises several claims unrelated to Plaintiff's claims against Officer Allen. For these reasons, Plaintiff's Motion to Consolidate is **DENIED**.

## CONCLUSION

The Court **SUSTAINS** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. Construed liberally, Plaintiff's Complaint, as amended, states a plausible claim that Defendant Allen violated Plaintiff's constitutional rights by using excessive force against Plaintiff on July 30, 2015. This claim will proceed against Defendant Allen in his individual capacity. However, the Court **DISMISSES** all other claims. Specifically, the Court **DISMISSES** all claims against the Georgia Department of Corrections, Georgia State Prison, Warden Stanley Williams, and Commissioner Homer Bryson, as well as all claims against Defendants in their official capacities. The Court **DISMISSES WITHOUT PREJUDICE** all claims which are unrelated to Plaintiff's claims that Defendant Allen used excessive force against Plaintiff on July 30, 2015. Additionally, the Court **DENIES** Plaintiff's Motion to Consolidate Cases.

## REMAINING CLAIMS AND DEFENDANT

Plaintiff's allegations in his Complaint arguably state colorable claims under 42 U.S.C. § 1983 against Defendant Allen. Consequently, the Court **DIRECTS** the United States Marshal to serve Defendant Allen with a copy of Plaintiff's Complaint, (doc. 1), Plaintiff's Amended Complaint, (doc. 8), and a copy of this Order without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

# INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq.* The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a Defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete

responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING
## MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's

motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this _8th_ day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA